UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| BRANDON OSHAY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 5:14-CV-112-BG |
| ) | ECF |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Brandon Oshay Williams seeks judicial review of a decision of the Commissioner of Social Security denying his application for supplemental security income. The United States District Judge transferred this case to the undersigned United States Magistrate Judge for further proceedings. In accordance with the order of transfer, the undersigned now files this Report and Recommendation.

**I.     Statement of the Case**

On January 29, 2013, Williams, Sherry Williams—who is Williams's mother—and a vocational expert testified at a hearing before an administrative law judge (ALJ). Williams was not represented by an attorney at the hearing, although his mother served as his representative. The ALJ determined on March 12, 2013, that Williams was not disabled because he could perform jobs that exist in significant numbers in the national economy. The Appeals Council denied review on May 9, 2014. Following denial of a request for review, the ALJ's decision becomes the Commissioner's final decision and is properly before the court for review. *Sims v. Apfel*, 530 U.S. 103, 107 (2000);

*see also Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005) (holding the Commissioner's final decision incorporates the Appeals Council's denial of a claimant's request for review).

II.     **Factual Background**

Williams claims that he became disabled on January 13, 2010, at age 19 due to a variety of health problems. He claims that due to obesity, hypertension, asthma, headaches, dizziness, and a pseudotumor cerebri, he is limited in his ability to work. (Tr. 34, 48.) He has a high school education, and he does not have any relevant past work history. (Tr. 47, 57.) He does not drive and he lives with his mother, who does most of the household chores and manages the finances. (Tr. 52, 127–33.)

III.    **Standard of Review**

A court reviewing the Commissioner's denial of disability insurance benefits is limited to determining (1) whether the decision is supported by substantial evidence in the record and (2) whether the Commissioner applied the proper legal standards. *See* 42 U.S.C. § 405(g) (2015); *see e.g.*, *Higginbotham*, 405 F.3d at 335. "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). Without reweighing the evidence or substituting its own judgment, a reviewing court must examine the entire record, including evidence favorable to the Commissioner as well as contrary evidence. *See Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If the Commissioner's findings are supported by substantial evidence, they are treated as conclusive and will be affirmed. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971).

**IV.     Discussion**

Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A) (2015). In making a disability determination, the Commissioner conducts a five-step sequential evaluation to determine whether: (1) the claimant is currently working; (2) the claimant has a "severe impairment"; (3) the impairment meets or equals an impairment listed in Appendix 1 of the regulations; (4) the claimant is capable of performing past relevant work; and (5) whether the claimant, after taking into account age, education, previous work experience, and residual functional capacity, is capable of performing any other work. *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); 20 C.F.R. § 404.1520(a)(4) (2015). If a disability determination is made at any step in the process, the finding is conclusive and the analysis terminates. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

At the first four steps in the analysis, the claimant bears the burden of proof. *Id.* Once this burden is satisfied, the Commissioner bears the burden of showing the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* After making such a showing, the burden shifts back to the claimant to rebut the Commissioner's finding. *See Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

In this case, the ALJ determined: (1) Williams was not currently engaged in substantial gainful activity; (2) Williams had the severe impairments of pseudotumor cerebri, obesity, hypertension, asthma, and headaches; and (3) Williams did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in

Appendix 1. (Tr. 34.) Following step three, the ALJ assessed Williams's residual functional capacity (RFC) and found that he had the RFC to perform light work, although he was limited to occasionally balancing, stooping, kneeling, crouching, or crawling, and a moderately clean air environment. (Tr. 34.) The ALJ also found that Williams was unable to perform complex tasks and would have difficulty working with the general public. (*Id.*) At step four, the ALJ found that Williams had no past relevant work. (Tr. 39.) After considering testimony from a vocational expert (VE) as well as Williams's RFC, age, education, and work experience, the ALJ concluded at step five—using the Medical-Vocational Guidelines as a framework—that Williams was not disabled because he was capable of making a successful transition to other work that exists in significant numbers in the national economy, such as a small products assembler, bakery line worker, or fruit distributor. (Tr. 40.)

Williams argues on appeal that the ALJ erred when he failed to inform Williams of his right to counsel, which violated his due process rights and resulted in prejudice. Pl.'s Br. 15–16, 18.

**A.      The ALJ denied Williams due process by failing to orally admonish him of his right to counsel at the hearing.**

Williams argues that his due process rights were violated because he was not provided sufficient written notice of his right to counsel prior to the hearing, and the ALJ failed to orally admonish him of his right to counsel at the hearing on January 29, 2013. Pl.'s Br. 17–19. He contends that because he was not given proper notice of his right to counsel, he did not validly waive his right to counsel and he was prejudiced as a result. Pl.'s Br. 17–22.

"The Supreme Court has never recognized a constitutional right to counsel at [a social security] hearing." *Brandyburg v. Sullivan*, 959 F.2d 555, 562 (5th Cir. 1992). However, claimants

4

have a statutory right to have an attorney present at the hearing, and claimants are "entitled to adequate notice of [the] right to counsel at a hearing before an ALJ." *Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003); *see* 42 U.S.C. § 406. Claimants may waive their right to counsel.

In this case, Williams contends that he did not receive adequate notice—either a written notice or a verbal notice at the hearing—of his right to counsel. Pl.'s Br. 17. Williams received three separate written notices prior to the hearing that adequately advised him of his right to counsel.[1] However, the ALJ did not provide oral notice of Williams's right to counsel.

A claimant is entitled to oral notice of the right to counsel at the hearing. "If, at a hearing, the ALJ fails to properly inform a claimant of [his] rights with regard to the representation, a claimant's waiver of counsel is not considered to be 'knowing and intelligent.'" *Oringderff v. Astrue*, Civ. Action No. H-09-1177, 2010 WL 3782188, at *7 (Sept. 10, 2010) (citing *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. Unit B 1981)). Only after receiving adequate notice may a claimant validly waive his right to counsel. *Id.*

Here, the ALJ failed to admonish Williams of his right to counsel at the hearing. The transcript from the January 29, 2013, hearing shows that the ALJ did not advise Williams or his mother, who served as his representative at the hearing, that he was entitled to counsel. (Tr. 46–62.) The ALJ simply asked whether Williams's mother had "signed the form" to serve as Williams's representative. (Tr. 46.) The ALJ made no attempt to ascertain whether Williams understood the

---

[1] Williams received a "Notice of Disapproved Claim" on December 3, 2011, and a "Disability Reconsideration Notice" dated January 18, 2012, both of which contained a notice advising Williams that he "can have a friend, lawyer, or someone else" help him with his case. And in the request for reconsideration documents dated March 16, 2012, which were signed by Williams's mother as representative, Williams acknowledged the following: "I understand that I have a right to be represented and that if I need representation, the Social Security office or hearing office can give me a list of legal referral and service organizations to assist me in locating a representative." The three written notices Williams received sufficiently advised him of his right to counsel.

full scope of his rights or whether Williams understood he could obtain representation at no cost. To be sure, the ALJ made no mention of Williams's right to an attorney in any form during the hearing. *Cf. Castillo*, 325 F.3d at 553 (holding that the ALJ gave sufficient notice because he reminded the claimant at the hearing of her right to counsel and the claimant received multiple written notices). Because the ALJ failed to advise Williams of his right to counsel at the hearing, Williams did not make a knowing and intelligent waiver of his right to representation. *See Brock v. Chater*, 84 F.3d 726, 729 n.1 (5th Cir. 2003).

For that reason, the court finds that Williams's purported waiver of counsel was invalid. But an invalid waiver alone does not require remand. Williams must also establish that he was prejudiced as a result of the invalid waiver.

    **B.**    **Williams was prejudiced by his lack of counsel.**

Williams argues that his medical records reflect an ongoing inability to work and had he been represented by an attorney, the attorney would have brought this to the attention of the ALJ.[2] Pl.'s Br. 18–21. He also argues that an attorney would have posed additional hypothetical questions to the VE regarding his RFC. Pl.'s Br. 21.

A claimant who asserts that he did not validly waive the right to counsel must also show that he was "prejudiced due to the absence of counsel at the hearing." *Castillo*, 325 F.3d at 552. In other words, the claimant must show that the results would have been different had he been represented by an attorney. *Id.* (citing *Brock*, 84 F.3d at 729 n.1). When a claimant is not represented by an attorney, the ALJ has a heightened duty to scrupulously explore the facts. *See id.*, *Castillo*, 325 F.3d

---

[2] Because the court concludes that the ALJ's RFC determination might have been different had Williams been represented by an attorney, the court does not reach this argument.

at 553. The ALJ failed to meet his duty in this case.

The ALJ concluded that Williams has the RFC to perform light work, except he can only occasionally balance, stoop, kneel, crouch, or crawl and he must work in a moderately clean air environment. (Tr. 34.) In making this determination, the ALJ gave significant weight to the opinions of the state agency expert and Drs. Jones and Mankongpaisarnrung, who all noted that Williams was restricted in his ability to sit, stand, and walk. (Tr. 163–70, 183, 186.) Indeed, the ALJ noted in his decision that Williams's functional evaluation revealed that he "was able to sit for six hours in an eight-hour day, stand for [4] hours in an eight-hour day, and walk two hours in an eight-hour day"—findings that were confirmed, the ALJ noted, by Drs. Jones and Mankongpaisarnrung. (Tr. 38.) Despite this acknowledgment, the ALJ did not impose any limitations or restrictions on Williams's RFC with respect to his ability to sit, stand, or walk. Consequently, the ALJ posed the following hypothetical to the VE:

> Well, if you consider an individual of the claimant's age and education and work history, he could only occasionally balance, crouch, stoop, kneel, or crawl. No complex tasks. Need a reasonably clean air environment, would have difficulty working with the general public, light work. Do you have any jobs we could take a look at that would conform to those requirements?

(Tr. 57.) Based on this hypothetical, the VE testified that Williams was capable of performing work as a small products assembler, bakery line worker, or fruit distributor, which are all classified as light work and exist in significant numbers in the national economy. (Tr. 57.)

The Act states that "light work" involves, among other things, "a good deal of walking or standing," though it may involve "sitting most of the time with some pushing and pulling of arm or leg controls." 28 C.F.R. § 416.967(b). A claimant "must have the ability to do substantially all of these activities" to be considered capable of light work. *Id.* The Social Security Regulations (SSR)

further clarify that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." S.S.R. 83-10, 1983 WL 31251, at *5–6 (Jan. 1, 1983). "Relatively few unskilled light jobs are performed in a seated position," and "the ability to stand" is "more critical than the ability to walk" with light jobs. *Id.* at 6. In Williams's case, the state agency expert and Drs. Jones and Mankongpaisarnrung—opinions to whom the ALJ assigned significant weight—all opined that Williams was limited in his ability to sit, stand, and walk. In fact, the state agency expert opined that Williams was limited to standing and walking a maximum of four hours daily "due to morbid obesity," which is significantly below the six hour requirement for light work. (Tr. 164.) Nevertheless, the ALJ did not incorporate any limitations with respect to these functions in the hypothetical he posed to the VE.

An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (citing various cases for support). Here, the ALJ elected to incorporate certain parts of the state agency expert's and Drs. Jones and Mankongpaisarnrung's opinions—such as crouching, kneeling, or crawling—but he chose not to adopt others—Williams's inability to sit more than six hours per day, stand more than four hours per day, and walk more than two hours per day. Based on these medical opinions, to which the ALJ gave significant weight, substantial evidence does not support the ALJ's RFC determination that Williams could perform light work with no exertional limitations with respect to his ability to sit, stand, and walk. Because Williams was not represented by an attorney, the ALJ had a heightened duty to explore the facts. *See Castillo*, 325 F.3d at 553. Although the ALJ gave Williams's representative—his mother, a non attorney—the opportunity to question the VE, neither the ALJ nor Williams's representative asked the VE a hypothetical that incorporated Williams's

8

limited ability to stand, sit, or walk. The court finds merit in Williams's argument that had an attorney been present, the ALJ's RFC determination might have been different.

In sum, there is not substantial evidence to support the ALJ's conclusion that the objective medical evidence, together with Williams's subjective complaints, does not warrant limitations other than those specified in the RFC assessment. Williams has established that he was prejudiced by the absence of counsel at the hearing on January 29, 2013.

## V.     Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court reverse the Commissioner's decision and remand this case for further administrative proceedings.

## VI.    Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1) (2015); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to timely file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:   April 20, 2015.

_____
NANCY M. KOENIG
United States Magistrate Judge

10